

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 16, 2007            **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GARY ORVALL GARDNER AND | § | CASE NO. 06-20339-RLJ-12 |
| BEULAH DARLENE GARDNER, | § | |
| | § | |
| DEBTORS | § | |

| | | |
|---|---|---|
| GARY ORVALL GARDNER AND | § | |
| BEULAH DARLENE GARDNER, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-2014 |
| | § | |
| LARRY PICKARD STEWART, SHERIFF | § | |
| OF SWISHER COUNTY, AND ACTING | § | |
| SWISHER COUNTY JUDGE ED SELF | § | |
| IN CAUSE NO. 1795 | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

The Court considers the motion of defendants Larry Pickard Stewart, Sheriff of Swisher

County, and Ed Self, Acting Swisher County Judge, requesting dismissal or judgment on the pleadings, or, alternatively, summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(c), and 56

Plaintiffs Gary O. Gardner and Beulah Darlene Gardner initiated this adversary proceeding by filing their complaint on November 13, 2006. Defendants Stewart and Self filed their motion on December 13, 2006, along with a brief and an appendix containing summary judgment evidence. By its order of December 22, 2006, the Court set the defendants' motion for hearing on January 11, 2007, and directed that any response to the motion be filed by January 10, 2007. The Gardners, on January 8, 2007, filed their response to the motion, their own motion for summary judgment, and their brief and an appendix containing their proposed summary judgment evidence.

The matter was called on January 11, 2007, at which time the Court advised the parties that it would consider only the defendants' motion with the Gardners' motion for summary judgment to be considered, if necessary, after disposition of the defendants' motion. The parties agreed to submit the matter to the Court on the pleadings and supporting briefs and summary judgment evidence. In considering the motion, the Court has allowed sufficient opportunity for the parties to submit matters outside the pleadings and therefore treats all requests for relief under the defendants' motion as a motion for summary judgment. *See* FED. R. CIV. P. 12(b).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v.*

- 2 -

*Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. A factual dispute bars summary judgment when the disputed fact is determinative under governing law of the issue before the court. *Id*. at 250. The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

By their complaint, the Gardners, appearing pro se, make various allegations. They contend their rights under the United States Constitution, the Texas Constitution, and the Texas Rules of Civil Procedure have been violated. The specific forms of relief requested by the Gardners are as follows: (1) that this Court declare as void a judgment and a writ of possession issued against them by the Swisher County court; (2) that this Court enjoin defendant Stewart from (i) enforcing a writ of possession or otherwise interfering with their possession of the real property that is subject of the writ of possession; or, (ii) acting as a debt collector, as that term is defined under the Federal Fair Debt Collections Act, 15 U.S.C. § 1692.; (3) that the Court award them damages of $250,000, presumably against both defendants Stewart and Self; (4) and, that the Court allow other unspecified damages. The Court is mindful that, despite the claims made and the relief sought by the Gardners, this suit is against the two defendants, each in their respective official capacities, Stewart as Sheriff of Swisher County and Self as Acting Swisher

County Judge. The Gardners' complaint does not articulate the specific causes of action or legal theories that justify a recovery or injunctive relief against either defendants Stewart or Self. The complaint does, however, state that the court's jurisdiction arises under the "Klu Klux Klan Act of 1871 now codified as U.S.C. 1983; [t]he Constitution of the United States and the Fair Debt Collection Act." The Court, therefore, construes any claim made by the Gardners in this suit that may justify a remedy against either of the defendants as either an action under 42 U.S.C. § 1983, or one pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

Upon considering the pleadings on file, the summary judgment evidence, and the arguments presented in the briefs submitted to the Court, the Court makes the following conclusions:

1. The Gardners' claim under 42 U.S.C. § 1983 is barred by limitations. The limitations period for a 1983 action, 42 U.S.C. § 1983, is determined by the general statute of limitations governing personal injuries in the forum state. *See Owens v. Okure*, 488 U.S. 235, 250 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, the limitations period for personal injury claims is two years from the date the claim accrued. TEX. CIV. PRAC. & REM. CODE § 16.003(a). No facts are alleged and no summary judgment evidence has been submitted that places this case within the two-year limitations period.

2. The Gardners' claim under the Federal Fair Debt Collection Practices Act is barred by limitations. The statute of limitations under the Fair Debt Collection Practices Act is statutorily set at one year from the date of the alleged violation. 15 U.S.C. § 1692k(d). No facts are alleged and no summary judgment evidence has been submitted that places this case within the one-year

8

limitations period.

3. Defendant Stewart is not a "debt collector" under the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692a(6). The Act provides as follows:

> The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include – . . . (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt . . . .

*Id*.

4. Defendant Stewart is entitled to absolute immunity from the claims made here. His alleged conduct and the summary judgment evidence show that he was, at all times, acting in his official capacity; he is also a named defendant in his official capacity. Defendant Stewart is entitled to the same absolute immunity as is a judge issuing a facially valid order. *Mays v. Sudderth*, 97 F.3d 107 (5th Cir. 1996) ("[W]e conclude that an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction."). In addition, neither the allegations nor any summary judgment evidence regarding defendant Stewart acting in a supervisory capacity raise a 1983 action. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691-99 (1978); *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988).

5. Defendant Self is entitled to absolute immunity from the claims made here. His alleged conduct and the summary judgment evidence show that he was, at all times, acting in his official capacity; he is also named as a party defendant in his official capacity. *Stump v.*

*Sparkman*, 435 U.S. 349, 356 (1978) (Judges have absolute immunity for judicial actions taken within the scope of their jurisdiction.).

6. Any claim by the Gardners that either defendant Stewart or defendant Self acted fraudulently, with malice, or with bias, is conclusory and not supported by the summary judgment evidence.

In addition, the Gardners specifically request by their complaint that this Court declare as void a prior judgment and writ of possession issued by the Swisher County Court in cause number 1795, and that the Court declare that proceedings before the Swisher County Court and the Swisher County Justice Court were without jurisdiction and were violative of their rights under the United States Constitution and the Texas Rules of Civil Procedure. The Gardners, in making such claims, are, in effect, requesting this Court to sit in review of the referenced state courts. This is improper. "The Supreme Court has concluded that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)). This principle is commonly referred to as the *Rooker-Feldman Doctrine*, which in turn is derived from two Supreme Court cases, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This Court is duty-bound to examine the basis of its subject matter jurisdiction sua sponte. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *Weekly v. Morrow*, 204 F.3d 613, 615.

Upon the foregoing, it is hereby

ORDERED that the motion for summary judgment by defendants Stewart and Self is

- 6 -

hereby granted; it is further

ORDERED that given the Court's ruling on the defendants' motion for summary

judgment, the Gardners' motion for summary judgment is rendered moot.

### End of Memorandum Opinion and Order ###